## INDEPENDENT DOCK WORKERS COL-ORED ASS'N et al. v. BOYER et al.

### No. 2965.

Court of Civil Appeals of Texas. Beaumont.

June 19, 1936.

Rehearing Denied July 8, 1936.

D. E. O'Fiel, and Tom C. Stephenson, both of Beaumont, for plaintiffs in error.

B. T. McWhorter, Jr., and J. W. O'Neal, both of Port Arthur, for defendants in error.

WALKER, Chief Justice.

Independent Dock Workers Colored Association No. 57588 is a corporation duly incorporated under the laws of the state of Texas, organized "to protect the association and their operation in loading ships." It was understood in the corporation that each of its members would pay into a certain trust fund 5 per cent. of his weekly wages and that Jake Boyer was to be the trustee of this fund. This suit was instituted by the association and certain of its members against Jake Boyer and Zeke Hildreth for an accounting of this fund. As one ground of recovery, it was alleged that Boyer and Hildreth received the sum of $24,024 and the petition was sufficient to require the defendants to make an accounting of whatever fund was received by them. Hildreth answered that he was only the agent of Boyer in collecting the fund and never had it in his custody and never expended any portion of it. Boyer answered that he received the sum of $8,773.93 and disbursed $9,570.15. He pleaded further that he had in his possession $133.97 in cash and pleaded a tender of that sum into court. On trial to the court without a jury, judgment was entered that the plaintiffs recover nothing and that the defendants Jake Boyer and Zeke Hildreth go hence without day with their costs.

Mr. Heiman Mazur, a public accountant, testified that he audited Boyer's books; that Boyer received $9,253.93 which, "added to the beginning balance," made a total of $9,818.28. The auditor testified to the disbursements year by year from 1930 through the year 1934; that the receipts exceeded the disbursements by the sum of $675.40 and that that balance was accounted for "by $130.00 cash on hand; $3.97 cash in the bank and $541.50 which was advanced to members, previously considered as collected advances receivable. That is what was distributed to members on loans, and is considered due from members, and a detailed list of that is included in this report." There was attached to Boyer's answer an itemized statement of the sums thus advanced to the members, with the names of the members who received these advances. Jake Boyer testified:

"Q. Back on the money you have received from these percentages and membership dues, have you used that for the benefit of the members? A. Yes sir I have; every nickel of it except that $133.97. * * *

"The Court: How much money have you got belonging to this concern now?

"Witness: I have got $83.97. I paid $50.00 for that auditor's report.

"Q. That is every cent you have of it? A. Yes sir."

On this testimony the trial court was justified in finding that Jake Boyer had made an accounting of all money received by him and of its expenditure. Appellants attacked the following items allowed by the court: 1930, charter fee $85; attorney fee $250; 1933, attorney's fee in lawsuit $300. Under Boyer's testimony, he served as trustee of this fund without any compensation whatever. He testified that he paid the charter fee and the fee of $250 out of his own pocket and reimbursed himself from the fund paid by the members and that the fee of $300 was paid in a lawsuit

prosecuted for the benefit of the corporation. The corporation was without capital stock. It had no funds whatever except the dues paid in by the members. The corporation had no by-laws governing the disposition of this fund. On that issue the court found, addressing counsel for appellants, "you have got no by-laws or anything how he should account for it or anything else. That is the crucial point of this case." On this statement the court did not err in allowing Boyer credit for the charter fee and the two attorneys' fees.

Appellant assigns error that the court allowed Boyer credit for certain commissions paid Hildreth for his services in collecting the trust fund. The court did not err in finding that issue in Boyer's favor.

Appellants also complain that the court erred in allowing Boyer credit for the $541.50 advanced to the members. That these advances were made was not questioned. That the parties who received these advancements were members of the corporation was not questioned. The only issue was whether or not Boyer violated his trust in advancing these sums. On the record before the court that was a fact issue concluded in Boyer's favor by the judgment of the court.

Appellants have assignments against other credits allowed Boyer, which are summarily overruled. As stated above, there were no by-laws, rules, or regulations governing the disposition of this trust fund. Boyer served as trustee without compensation; we think the court was clearly justified in finding all issues in his favor. It follows that the judgment of the lower court should be affirmed and it is accordingly so ordered.

Affirmed.